UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN DAY,<br>　　　　Plaintiff,<br>　　v.<br>CAROLYN W. COLVIN,<br>　　　　Defendant. | Case No. 14-cv-04919-KAW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING THE CASE FOR AN IMMEDIATE AWARD OF BENEFITS**<br><br>Re: Dkt. No. 17 |

On August 19, 2015, Plaintiff Martin Day filed a motion for summary judgment in this matter. The Government's opposition was due on or before September 18, 2015. (*See* Stipulation, Dkt. No. 16.) To date, the Government has not filed an opposition despite its prior communication with Plaintiff's counsel. *See id.*

Accordingly, the motion for summary judgment is GRANTED as unopposed and the case is REMANDED. *See* Judge Westmore's General Standing Order ¶ 22 ("The failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of the motion").

Furthermore, the remand is for an immediate award of benefits, as "there are no outstanding issues that must be resolved before a determination of disability can be made." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996) (citations omitted); *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, at Step 5, the ALJ erred in determining that there are a significant number of jobs in the national economy that Plaintiff is capable of performing with his residual functional capacity ("RFC"). (*See* Pl.'s Mot. at 10-11.) The burden of establishing that there exists other work in "significant numbers" lies with the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

The ALJ determined that Plaintiff had the RFC to perform sedentary work, as defined in 20 C.F.R. 404.1567(a), except occasional stooping, crawling, and bending; no foot pedals or uneven surfaces; no climbing or balancing; and avoid extreme heat or cold. Administrative Record ("AR") 30.  At the hearing, the vocational expert ("VE") testified that Plaintiff could perform the positions of printed circuit board assembler and table worker. AR 80.  There are approximately 270 printed circuit board positions in California, half of which are located in Northern California, and 3,000 nationally. AR 33, 80.  There are approximately 310 table worker positions in California, half of which are located in Northern California, and 3,700 nationally. AR 33, 80.

The Ninth Circuit has "never set out a bright-line rule for what constitutes a 'significant number' of jobs," but has found a "comparison to other cases . . . instructive." *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).  In *Beltran*, the Ninth Circuit determined that 135 jobs in the Greater Metropolitan Los Angeles and Orange County region and 1,680 national jobs were not a significant number of jobs. *Id.* at 389-90.  In making that determination, the court considered cases that addressed what constitutes a significant number of jobs. *See id.* at 389 (citing *Barker v. Sec'y of Health & Human Servs.*, 882 F.2d 1474, 1479 (9th Cir. 1989) (1,266 jobs regional jobs significant); *Martinez v. Heckler*, 807 F.2d 771, 775 (9th Cir. 1987) (amended), (3,750 to 4,250 jobs in Greater Metropolitan Los Angeles and Orange County region significant); *Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002) (1,300 jobs in the Oregon region and 622,000 in the national economy significant); *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995) (30,000 jobs in Los Angeles County region significant); *Moncada v. Chater*, 60 F.3d 521, 524 (9th Cir. 1995) (2,300 jobs in San Diego County region and 64,000 nationwide significant)).

Here, there are only 270 printed circuit board jobs and 310 table worker jobs in California, with half of each located in Northern California. AR 80.  The VE did not define the "Northern California" region.  According to 2010 census data, the nine counties that comprise the San Francisco Bay Area—the counties of Alameda, Contra Costa, Marin, Napa, San Francisco, San Mateo, Santa Clara, Solano, and Sonoma—have a total population of 7,105,739. *See generally* U.S. CENSUS, *2010 Census Interactive Population Search*, http://www.census.gov/2010census/popmap/ipmtext.php?fl=06 (last visited Oct. 13, 2015).  The

Northern California counties of Butte, El Dorado, Monterey, Placer, Sacramento, Santa Cruz, San Joaquin, Shasta, Stanislaus, Tulare, and Yolo have an additional population of 4,865,727. *Id.* Thus, the total population of these Northern California counties—of which several smaller counties have been excluded from this calculation—is approximately 12,000,000. *Id.*

To compare, Los Angeles County has a population of 9,818,605, Orange County has a population of 3,010,232, and San Diego County has a population of 3,095,313. *Id.* Thus, the Northern California region has a population comparable to the Greater Metropolitan Los Angeles County and Orange County region in *Martinez* and *Beltran*, and is larger than Los Angeles County in *Johnson*, and San Diego County in *Moncada*. At the hearing, the VE testified that the Northern California region has only 135 printed circuit board jobs and 155 table worker jobs. AR 80. Under *Beltran*, 290 jobs do not constitute a significant number of jobs in the regional economy. *Beltran*, 700 F.3d at 389.

Similarly, the 3,000 printed circuit board jobs and 3,700 table worker jobs available nationally are not significant, as Northern California is one of most populous regions in the country and approximately the same size as the region in *Beltran*, in which the Ninth Circuit held that "[i]f 135 jobs available in one of the largest regions in the country is not a 'significant number,' then 1,680 jobs distributed over several regions cannot be a 'significant number,' either. *Id.* at 390. Indeed, while 6,700 total jobs is larger than the 1,680 figure in *Beltran*, these numbers distributed across the entire nation do not appear to be significant, as significant numbers tend to be in the tens of thousands. *See Thomas*, 278 F.3d at 960 (622,000 jobs in the national economy); *see also Moncada*, 60 F.3d at 524 (64,000 jobs in the national economy). Thus, the ALJ failed to satisfy his burden to establish that significant numbers of jobs exist in either the regional or national economies that Plaintiff can perform given his residual functional capacity, rendering Plaintiff disabled under the Social Security Act.

///

///

///

///

3

In light of the foregoing, Plaintiff's motion for summary judgment is GRANTED as unopposed, and the case is REMANDED for an immediate award of benefits.

IT IS SO ORDERED.

Dated: October 13, 2015

KANDIS A. WESTMORE
United States Magistrate Judge